IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOME MADRIGAL OSEGUERA,<br><br>          Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | No. CV-F-05-581 REC<br>(No. CR-F-99-5039 REC)<br><br>ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DIRECTING ENTRY OF JUDGMENT FOR RESPONDENT |

   On May 2, 2005, petitioner Salome Madrigal Oseguera filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner contends that his defense counsel, stated to be Francine Zepeda at all stages, failed to file a notice of appeal after being requested to do so by petitioner.

   On July 2, 2003, petitioner filed a Section 2255 motion asserting the identical claim against defense counsel Juan Falcon.[1]  By Order filed on September 4, 2003, the court

---

[1] In his prior Section 2255 motion, petitioner claimed that defense counsel Dana Anderson failed to file a notice of appeal

1

1  dismissed this petition as untimely.  Judgment for respondent was
2  entered.  Petitioner did not appeal the dismissal.
3       Because the court did not reach the merits of petitioner's
4  prior Section 2255 motion, the court does not dismiss the instant
5  motion as a second or successive motion.  See <u>United States v.</u>
6  <u>Mathews</u>, 833 F.2d 161, 164 (9th Cir. 1987).
7       However, the court again concludes that the instant motion
8  is untimely for the reasons set forth in the Order filed on
9  September 4, 2003 and dismisses the instant motion on that
10 ground.
11      IT IS SO ORDERED.
12 **Dated:  May 4, 2005**                  /s/ Robert E. Coyle
   668554                              UNITED STATES DISTRICT JUDGE

---

24 after being requested to do so.  However, as the court noted in
   various orders, petitioner was represented by Juan Falcon at the
25 time of sentencing.  Therefore, petitioner's assertion in the
   instant motion that Francine Zepeda was ineffective because of the
26 failure to file a notice of appeal is factually incorrect.